IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ASHWINI KUMAR, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>FRANCISCO TRUJILLO JR. and )<br>ASPLUNDH TREE EXPERT, LLC., )<br>    *Defendants*. ) | NO.: 5-22-CV-227 |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ashwini Kumar files this Original Petition complaining of Defendants Francisco Trujillo Jr. and Asplundh Tree Expert, LLC.

**I.
VENUE AND JURISDICTION**

1. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28. U.S.C. §1331 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of fees and costs, and this is a suit between citizens of different states.

2. Venue as to this complaint is proper in the Western District of Texas, San Antonio Division under 28 U.S.C. §1391(b)(2) since all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

**II.
PARTIES**

3. **Plaintiff.** Ashwini Kumar ("Plaintiff") is a natural person who at all times relevant to this cause of action has been and continues to be a resident of San Antonio, Bexar County, Texas.

4. **Defendant.** Francisco Trujillo Jr. ("Trujillo") is a natural person who at all times relevant to this cause of action has been and continues to be a resident of Boone, Watauga County, North

Carolina. Defendant may be served with citation via private process by serving him at his residence, 1377 Blowing Rock Road, Boone, North Carolina 28608, or wherever he may be found.

5. **Defendant.** Asplundh Tree Expert, LLC., ("Asplundh") is a foreign company doing business in Texas. Defendant Asplundh may be served with process by delivering a copy of the Original Petition to its registered agent for service of process, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever they may be found.

### III.
### FACTS

6. On May 20th, 2021, Plaintiff was safely operating a 2018 Tesla Model X going northbound on IH-37 in Bexar County, Texas. At the same time, Defendant Trujillo was operating a 2017 Ford F250 and was traveling directly behind Plaintiff. Plaintiff then began to slow with the flow of traffic. At that time, Defendant Trujillo suddenly, violently, and without warning, collided with the rear of Plaintiff's vehicle. As a result of the collision and Defendants' negligence, Plaintiff suffered severe and debilitating injuries and other damages.

### IV.
### AGENCY AND RESPONDEAT SUPERIOR

7. At the time of the collision and the occurrences giving rise to this cause of action Defendant Trujillo was acting within the course and scope of his employment or official duties for Defendant Asplundh and in furtherance of the duties of his office or employment for Defendant Asplundh.

8. Moreover, at all times relevant hereto, Defendant Trujillo was a permissive user of the Defendant vehicle.

9. Defendant Asplundh, as the employer, is responsible for the negligent acts or omissions of Defendant Trujillo under the principles of respondeat superior.

## V.
## **NEGLIGENCE**

11. On the occasion in question, Defendants owed a duty to conduct themselves in a manner consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent person and/or entity would act.

12. Defendant Trujillo breached his duties to Plaintiff and acted in a manner that was negligent by engaging in wrongful conduct as follows:

   a. Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;
   b. Failing to control speed;
   c. Failing to take timely or proper evasive action to avoid the collision in question;
   d. Failing to properly apply his vehicle's brakes;
   d. Failing to pay proper attention; and
   e. Failing to control the subject vehicle so that a collision would not occur.

13. Defendant Asplundh had a duty to exercise ordinary care to hire, qualify, train, and supervise Defendant Trujillo with respect to ensuring that he was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled.

14. Defendant Asplundh breached its duty because it knew or should have known that its driver was not a capable, qualified, and knowledgeable driver.

15. Defendant Asplundh breached its duty because it failed to properly qualify Defendant Trujillo as a commercial motor vehicle operator.

16. Defendant Asplundh breached its duty because it failed to provide the necessary training for Defendant Trujillo to operate his vehicle in a safe manner and in conformity with the requirements of the law.

17. Defendant Asplundh breached its duty because it failed to supervise Defendant Trujillo and to adopt, implement and enforce safety policies and procedures to ensure that he operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

18. Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

19. Defendants' negligence, as described herein, proximately caused Plaintiff to sustain damages far in excess of the minimum jurisdictional limits of this Court.

## VI.
## DAMAGES

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries, pain and suffering, mental anguish, and physical impairment, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. Specifically, Plaintiff suffered injuries to his neck and lower back. For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, pain and suffering, and mental anguish. Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

22. Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VII.
## CONDITIONS PRECEDENT

23. All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

## VIII.
## REQUEST FOR JURY TRIAL

24. Plaintiff respectfully requests a trial by jury and has tendered payment thereof.

## IX.
## PRAYER

**WHEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

a. All medical expenses in the past and future;

b. Mental anguish in the past and future;

c. Physical pain in the past and future;

d. Physical impairment in the past and future;

e. Pre- and post-judgment interest as allowed by law;

f. Costs of suit; and

g. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**WYATT LAW FIRM, PLLC**
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218
Tel.: (210) 340-5550
Fax: (210) 340-5581
E-service: e-serve@wyattlawfirm.com

By: */s/ Paula A. Wyatt*
Paula A. Wyatt
State Bar No. 10541400
Gavin McInnis
State Bar No. 13679800
Thomas Kocurek
State Bar No. 24027421
**ATTORNEYS FOR PLAINTIFF**